IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TOKIO MARINE AMERICA INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION 15-0024-WS-C ) |
| OIL RECOVERY COMPANY, INC. OF ALABAMA, | ) ) ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on the defendant's motion to dismiss. (Doc. 11).  The parties have filed briefs in support of their respective positions, (Docs. 12, 17, 18), and the motion is ripe for resolution.  After careful consideration, the Court concludes the motion is due to be denied.

## BACKGROUND

According to the complaint, (Doc. 1), a fire and explosions on the Mobile waterfront damaged adjacent property insured by the plaintiff.  The plaintiff paid its insured over $500,000 on its ensuing claim.  In this action the plaintiff, as subrogee, alleges that the fire and explosions, and the resulting loss to its insured, resulted from the defendant's acts and/or omissions on its adjacent property.  The complaint asserts claims of negligence, wantonness/gross negligence/recklessness, and strict liability.

In the wake of this incident, three limitation actions were filed, which the Court later consolidated.  Both the plaintiff and the defendant filed claims against each of the limitation plaintiffs.  Neither the plaintiff nor the defendant filed a cross-claim against the other.

**DISCUSSION**

The defendant's motion seeks dismissal:  (1) because the plaintiff failed to file a cross-claim against the defendant in the limitation proceedings by the deadline established in that case; and (2) because the plaintiff is prohibited from pursuing duplicative litigation in this case.  (Doc. 11 at 1).[1]

**I.  Failure to File a Timely Cross-Claim.**

The Rule 16(b) scheduling order in the limitation proceedings provided that motions to amend the pleadings, "including to assert any cross-claims and/or counterclaims," had to be filed by September 30, 2014.  (Doc. 12 at 4).  The defendant argues that this order compelled the plaintiff to file any cross-claim against it in the limitation proceedings and that the plaintiff is improperly attempting to "circumvent" the September 2014 deadline for doing so by filing this action.  (*Id*. at 4-5).

As the plaintiff notes, "[u]nder Fed.R.Civ.P. 13(g), cross claims are permissive rather than compulsory and a party to an action has the option to pursue it in an independent action."  *Dunn v. Sears, Roebuck & Co*., 645 F.2d 511, 512 n.1 (5th Cir. 1981) (former Fifth Circuit case); *accord* Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 1431 at 275 (2010) ("Rule 13(g), unlike Rule 13(a), always is permissive.").  The scheduling order could not render a permissive cross-claim compulsory, and it did not purport to do so.  Rather, the scheduling order merely set a deadline for seeking leave to file any cross-claim that a party might desire to file.  The defendant cites no

---

[1] Nominally, the defendant also asserts that the complaint fails to state a claim upon which relief can be granted.  (*Id*. at 2).  The defendant's briefs, however, make no reference to any such argument and thus present nothing for the Court to consider.

authority supporting its contrary position.[2]  Neither the scheduling order in the limitation proceedings nor the plaintiff's failure to file a cross-claim therein presents any impediment to the plaintiff pursuing this action.

## II.  Duplicative Litigation.

The defendant's motion asserts that this action constitutes duplicative litigation, but its brief argues instead that "[t]he principles underlying the prohibition against duplicative litigation apply equally" here.  (Doc. 12 at 7; *accord id*. at 5, 8).

"It is well established that as between federal district courts, the general principle is to avoid duplicative litigation."  *I.A. Durbin, Inc. v. Jefferson National Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986) (internal quotes omitted).  "Although no precise test has been articulated for making this determination, [citation omitted], the general rule is that a suit is duplicative of another suit if the parties, issues and available relief do not significantly differ between the two actions."  *Id*.  The Eleventh Circuit drew this rule from *Complaint of Bankers Trust Co. v. Chatterjee*, 636 F.2d 37 (3rd Cir. 1980), which stated that, "[w]hen the claims, parties, or requested relief differ, deference may not be appropriate."  *Id*. at 40.

As measured by these benchmarks, this action is not duplicative of the limitation proceedings.  First, while there are over 20 parties to the limitation proceedings, here there are only two.  Second, the plaintiff has not made a claim against the defendant of any sort in the limitation proceedings, much less a claim

---

[2] The only two cases the defendant cites in its principal brief are simply examples of the Court declining to permit a plaintiff to file an amended complaint after the deadline for seeking leave to do so had expired.  They are thus inapposite.

In its reply brief, the defendant discusses *British Transport Commission v. United States*, 354 U.S. 129 (1957), but the Supreme Court therein held only that a court hearing a limitation action has "power" to entertain cross-claims between claimants against the limitation plaintiff.  *Id*. at 138.  The Court did not remotely suggest that the filing of such cross-claims is compulsory.

that resembles the claims asserted here.[3]  Third, the plaintiff maintains – without dispute by the defendant – that only this action protects its right to a jury trial of its claim against the defendant.[4]  The Court assumes it was for these or similar reasons that the defendant abandoned its argument that this action is duplicative with the limitation proceedings, repairing instead to the argument that the "principles underlying" the prohibition against duplicative litigation should apply here.

The general principle of avoiding duplicative litigation "rests on consideration of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation."  *I.A. Durbin*, 793 F.2d at 1551 (internal quotes omitted).  The defendant suggests these considerations should lead to dismissal of this action even in the absence of duplicative litigation.  "It is important, however, that only truly duplicative proceedings be avoided."  *Chatterjee*, 636 F.2d at 40.  With no duplicative litigation to avoid, dismissal cannot be justified in the name of efficiency.

Even when duplicative federal lawsuits exist, "[t]rial courts are afforded broad discretion in determining whether to stay or dismiss [the second] litigation in order to avoid duplicating a proceeding already pending …."  *I.A. Durbin*, 793 F.2d at 1551.  The Court exercises its broad discretion against dismissal.  The defendant says it would be "inefficient and unfair" to allow this action to proceed, but its only basis for this conclusion is its assumption that the plaintiff will seek "duplication of the substantial discovery completed in" the limitation proceedings.  (Doc. 12 at 8).  The plaintiff responds that it "has no intention of duplicating the

---

[3] The Court notes that all the cases cited by the defendant that found duplicative litigation did so based on the plaintiff's conduct in suing the same defendant in both actions, a fact pattern not implicated here.

[4] *See Chatterjee*, 636 F.2d at 41 (the general unavailability of a jury trial in limitation proceedings, contrasted with the right to a jury trial in the suit claimed to be duplicative, was one of several "kinds of differences render[ing] a docket-control dismissal [as duplicative litigation] inappropriate").

discovery taken in" the limitation proceedings.  (Doc. 17 at 9).  The defendant is skeptical, based on the plaintiff's failure to attend several depositions of the defendant and others associated with it.  (Doc. 18 at 4).  But a party can certainly rely on depositions it did not attend, and that is what the plaintiff indicates it will do.  In short, the Court would not dismiss this action even were it duplicative of the limitation proceedings.

## III.  Tardy Arguments.

In its reply brief, the defendant injects two new arguments:  that allowing this action to proceed "is inconsistent with the purposes of the Limitation Action" and that it "poses a substantial risk of inconsistent results that could prejudice [the defendant] and the other parties to the Limitation Action."  (Doc. 18 at 3).  No such justifications for dismissal appear in the defendant's principal brief.  "District courts, including this one, ordinarily do not consider arguments raised for the first time on reply."  *Gross-Jones v. Mercy Medical*, 874 F. Supp. 2d 1319, 1330 n.8 (S.D. Ala. 2012) (citing cases and explaining rationale).  The defendant offers, and the Court detects, no reason not to apply the general rule.

## CONCLUSION

For the reasons set forth above, the defendant's motion to dismiss is **denied**.

DONE and ORDERED this 11th day of May, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE