IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **TOKIO MARINE AMERICA** ) | |
| **INSURANCE COMPANY,** ) | |
|   ) | |
|     **Plaintiff,** ) | |
|   ) | |
| v.   ) | CIVIL ACTION 15-0024-WS-C |
|   ) | |
| **OIL RECOVERY COMPANY, INC.** ) | |
| **OF ALABAMA,** ) | |
|   ) | |
|     **Defendant.** ) | |

**ORDER**

This matter is before the Court on the defendant's motion to consolidate. (Doc. 20). The plaintiff has filed a response and the defendant a reply, (Docs. 24, 26), and the motion is ripe for resolution.

The plaintiff herein insured certain buildings that were damaged in the conflagration occurring on the Mobile River waterfront on April 24, 2013. As subrogee of its insured, the plaintiff sues the defendant on theories of negligence, gross negligence, wantonness, recklessness and strict liability (abnormally dangerous/ultra-hazardous activity). (Doc. 1).

The defendant seeks consolidation of this action into the three consolidated limitation proceedings traveling under *In re: Taira Lynn Limited No. 7*, 13-0318-WS-C ("*Taira Lynn*"). Those proceedings arise out of the same incident. Both the plaintiff and the defendant herein are claimants against all limitation plaintiffs in the limitation proceedings. The defendant herein has also been sued in the limitation proceedings by the limitation plaintiffs and by various persons injured in the incident.

The plaintiff herein has made no claim in the limitation proceedings against the defendant herein. However, the plaintiff herein has made claim against one set

of limitation plaintiffs, by which it seeks to impose vicarious liability on them due to the negligence, gross negligence, wantonness and recklessness of the defendant herein and its engagement in an abnormally dangerous/ultra-hazardous activity. (*Taira Lynn*, Doc. 380 at 7-11). Other claimants have also filed claims in the limitation action against the defendant herein. (*Id.*, Docs. 282, 284).

A district court has authority to order consolidation of multiple actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). As reflected above, these actions easily meet that requirement. The plaintiff's denial of this fact, (Doc. 24 at 5), is rejected; there is no requirement that the legal and factual issues in the two cases be "identical." (*Id.*).

Consolidation under Rule 42(a) "is permissive and vests a purely discretionary power in the district court." *Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995) (internal quotes omitted). In exercising that discretion, district courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions; the burden on the parties and the Court posed by multiple lawsuits as opposed to one; the length of time required to conclude multiple lawsuits as opposed to one; and the relative expense of proceeding with separate lawsuits if they are not consolidated. *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985). "District courts in this circuit have been urged to make good use of Rule 42(a) … in order to expedite the trial and eliminate unnecessary repetition and confusion." *Young*, 59 F.3d at 1169 (internal quotes omitted).

The plaintiff offers three reasons the Court should decline to consolidate these cases despite their obviously close relation: (1) this action is not "duplicative" of the limitation proceedings; (2) consolidation would not "efficiently resolve any common issue of fact or law"; and (3) the plaintiff's demand for a jury trial in this action renders consolidation inappropriate. (Doc. 24 at 4-8). The Court considers these arguments in turn.

The plaintiff correctly points out the Court's previous ruling that "this action is not duplicative of the limitation proceedings." (Doc. 23 at 3). The standard for "duplicative" federal proceedings is much different than, and more stringent than, that governing consolidation, and none of the *Hendrix* factors are implicated by the "duplicative litigation" analysis. The Court's ruling has no bearing on the issue presently before the Court.

Undeterred, the plaintiff argues that the Court rejected the defendant's "duplicative litigation" argument on the way to ruling that the plaintiff "had a right under Rule 13 to proceed in an independent action against" the defendant. (Doc. 24 at 4). The present question, however, is not whether the plaintiff had a right to bring an independent action (which, as the Court ruled, Rule 13(g) gave it); the question is whether this action, though properly filed, should be consolidated with another. The propriety of the independent action does not inform the proper resolution of the consolidation issue.

As for the efficient resolution of common issues, the plaintiff argues that, should the limitation plaintiffs be denied limitation or exoneration, claims against the defendant herein will not be reached in the limitation proceedings; instead, claimants against the defendant herein will be permitted to return to another forum. Since "there is no guarantee those common issues will be tried in the limitation proceedings," the plaintiff sees no efficiency to be gained by consolidation. (Doc. 24 at 5-6). Life holds few guarantees, so the plaintiff's scenario does not counsel against consolidation. At any rate, whatever may be so of other claimants, the plaintiff has no other forum to which to return. Moreover, the plaintiff asserts in both cases that the defendant herein was negligent, grossly negligent, wanton and reckless and that it engaged in an abnormally dangerous/ultra-hazardous activity. In the limitation proceeding, that congeries of legal and factual issues is asserted against a set of limitation plaintiffs, meaning they will have to be resolved as part of the limitation proceedings.

The plaintiff has demanded a jury trial in this action, and the Court assumes for present purposes that the plaintiff would be entitled to a jury trial against the defendant herein in the event of consolidation.[1]  The plaintiff argues this renders consolidation unwarranted, since limitation proceedings sound in admiralty and carry no right to jury trial.  (Doc. 24 at 6-8).  But the plaintiff acknowledges there are at least two ways to skin this cat:  either empanel a jury to sit through the entire case and render a verdict on that portion committed to it, or try the jury aspects first before proceeding with those issues as to which no jury is available.  (*Id*.).  The Court notes that other claimants have demanded a jury trial as to their claims against the defendant herein, (*Taira Lynn*, Docs. 282, 284), so it may be that a jury already must be empaneled in the limitation proceedings.  Either way, this is not a complication that makes consolidation problematic.

With the plaintiff's objections resolved, the Court turns to the *Hendrix* factors.  There is plainly a risk of inconsistent rulings, since the factfinder in the limitation proceedings and in this action could reach irreconcilable determinations as to the fault and liability of the defendant herein.  On the other hand, the parties identify, and the Court discerns, no risk of prejudice or confusion in the event of consolidation; the limitation proceedings are already hydra-headed, and one more claim can hardly make a difference, especially since it echoes claims already raised in those proceedings.  The introduction of a jury (assuming the existing claims against the defendant herein do not already carry such a right) injects modest logistical issues, but none more serious than is usual when both jury and non-jury issues appear in the same lawsuit, and certainly nothing rising to the level of prejudice or confusion.

The parties identify no additional burden on them or the Court that could arise from consolidation.  It will take no longer to resolve one consolidated lawsuit

---

[1] The Court does not reach the defendant's argument that the plaintiff waived a jury trial by asserting the defendant's negligence, etc. as a basis for vicarious liability against one set of limitation plaintiffs. (Doc. 26 at 9-10).

than two non-consolidated actions, especially since the plaintiff has announced its desire for a trial after – not before, certainly not significantly before – the conclusion of the limitation proceedings.  (Doc. 24 at 9).  Finally, there is no indication it will be more expensive to litigate this claim within the limitation proceedings than on its own; if anything, it should prove cheaper, since the parties are already dealing with substantially the same issues in the limitation proceeding.

For the reasons set forth above, the Court concludes it should exercise its discretion in favor of consolidation.  Accordingly, the motion to consolidate is **granted**.

To effectuate consolidation, the Clerk is directed to extract all documents (including this order) from Civil Action No. 15-0024-WS-C and to make those documents a part of the Court file in Civil Action No. 13-0318-WS-C.  Furthermore, the Court finds there is no reason to maintain the latter-filed action as an open file, and the Clerk is thus directed to statistically close Civil Action No. 15-0024-WS-C.  The parties are **ordered** not to include the caption of Civil Action No. 15-0024-WS-C in any future filings and not to file any documents in that action.  Rather, all future filings are to be made exclusively in, and with the style of, Civil Action No. 13-0318-WS-C.

DONE and ORDERED this 29th day of May, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE